435 P.2d 417

**STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Respondent,**

. v.

**F. Ephraim BATES and Mae P. Bates, Defendants and Appellants.**

**No. 10910.**

Supreme Court of Utah.

Dec. 22, 1967.

sells' easement at a time when he had no right to do so.

Spafford & Young, Gaylen S. Young, Jr., Salt Lake City, for appellants.

Phil L. Hansen, Atty. Gen., Kenneth M. Hisatake, Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice.

This action was commenced by the respondent, hereinafter called the Commission, on September 23, 1963, to condemn a narrow strip of land belonging to the appellants, hereinafter called the landowners, which adjoined a nonaccess freeway in Silver Creek Canyon. No issue is raised as to the right to take the land, and the value of the land taken was stipulated to be $35 per acre.

On February 6, 1960, the landowners gave to the Commission a warranty deed, which recites a consideration of $239.40 for the land taken. The amount paid to the landowners was $8,864.00, which would leave $8,624.60 as severance damages to the land not taken in the freeway.

The landowners now claim severance damages to the remaining land by reason of having its access to the canyon stream for stock-watering purposes destroyed. This contention is based upon the claim that the negotiator for the Commission promised them that if they would sign the deed, the Commission would get the water from the stream up onto their land so that their livestock could drink.

The Commission claims it paid the landowners for all loss of access to the stream when it settled with them out of court and

paid $8,864.00 for some 30 acres of land to be included in the freeway system, and denies that it made any promise to put water up onto the remaining land.

At a pretrial conference the judge offered the landowners the option to have the deed of 1960 rescinded and cancelled, and told them that if they would repay the money received without interest within six months, the case would be tried anew, and the value of all land taken together with all severance damages determined. This offer was refused, and the following disputed issues were tried to the court: (1) Did the negotiator promise to get water up onto the land so the livestock could drink? (2) Did the negotiator have authority to bind the Commission by any such promise, if made?

Regardless of the propriety of joining such issues with condemnation proceedings, it was done by consent, and appears to be a liberal gesture to the landowners on the part of both the Commission and the court.

Counsel for the landowners cite as authority for the validity of the claimed promise the first sentence in Section 254, Public Officers, as found in 43 Am.Jur. 71, but neglected to cite other parts in the section. So far as material here, that section reads:

When power or jurisdiction is delegated to any public officer over a subject matter, and its exercise is confided to his discretion, the acts done in the exercise of the authority are, in general, binding and valid as to the subject matter. The only questions which can arise between an individual and the public or any person denying their validity, are power in the officer and fraud in the party. * * * An officer can, however, bind his government only by acts which come within the just exercise of his official powers and within the scope of his authority, unless the government held out the officer as having authority to do the acts. An unauthorized act or declaration of an officer does not estop the government from insisting on its invalidity.

After hearing the testimony of eight witnesses, the judge, on credible evidence, found that the landowners had been previously paid for their loss of access to the water and that there were no severance damages sustained by reason of the taking of the land for the stock trail; that the purported agreement of the negotiator was not binding upon the Commission; and that the only damage sustained by the landowners was $304.85, the value of the 8.71 acres taken for the stock trail valued at $35 per acre.

We think the judge was well within his prerogative as a fact finder to make the determination as he did. The judg-

178

ment is affirmed. Each party to bear its own costs.

CROCKETT, C. J., and CALLISTER, TUCKETT, and HENRIOD, JJ., concur.